UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:15-cv-00323-MW-CAS

TERRY J. SCHROEDER AND
LINDA C. SCHROEDER,

     Plaintiffs,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

     Defendant.
_____/

### DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Rushmore Loan Management Services, LLC ("Rushmore") hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint [DE 1] and states:

### INTRODUCTION

1. Rushmore admits that this is an action brought by the Plaintiffs under the FDCPA and the FCCPA but denies the remainder of this conclusory allegation.

### JURISDICTION

2. Rushmore admits 15 USC § 1692k(d) gives jurisdiction to this court only to the extent any purported FDCPA claims are made. Rushmore denies the remainder of this allegation.

1

PARTIES

3. Without knowledge and therefore denied.

4. Denied.

5. Denied.

FACTUAL ALLEGATIONS

6. Admit.

7. Denied.

8. Denied.

9. Denied.  *See* Exhibit A.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that on or about July 31, 2014 the Bankruptcy Court entered a "Discharge of Debtors after Completion of Chapter 13 Plan" as to both Plaintiffs (not an individual plaintiff as alleged).  Without knowledge that a copy was provided to Rushmore so denied.

18. Denied.

19. Admit except insofar as the written correspondence states, among other things, that charges for inspections and any work done to protect the property may be added to the amount

Plaintiffs currently owe.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. (a)-(d) Denied.

25. Admit.

26. Without knowledge, therefore denied.

## First Claim

### 1. Violation of FDCPA

27. Rushmore reasserts and adopts its responses to each and every allegation contained in paragraphs 1 through 26 as if more fully set forth herein.

28. (a)-(e) (and each subpart) Denied.

29. Denied.

## First Claim

### Violation of FCCPA

30. Rushmore reasserts and adopts its responses to each and every allegation contained in paragraphs 1 through 26 as if more fully set forth herein.

31. (a)-(c) Denied.

32. Denied.

33. Denied.

WHEREFORE CLAUSE (a)-(h)

Rushmore admits that Plaintiffs pray for the relief found in subsections (a) through (h) of their "wherefore clause" but denies Plaintiffs are entitled to any of the specific and separate relief they request.

**AFFIRMATIVE DEFENSES**

1. Rushmore affirmatively states that its actions were proper and did not violate any provisions of 15 U.S.C. § 1692 et seq. ("FDCPA") or Chapter 559, Florida Statutes ("FCCPA").

2. Plaintiffs lack Article III Constitutional Standing.

3. This court lacks subject matter jurisdiction.

4. Plaintiffs fail to state any claim (under either the FDCPA or the FCCPA) upon which relief can be granted.

5. Plaintiffs fail to state a claim for actual damages, punitive damages or declaratory relief.

6. Plaintiffs have failed to allege, and they will not be able to prove, any compensable damages as the result of any alleged act or omission by Rushmore.

7. Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages.

8. Plaintiffs' claims are barred, in whole or in part. based on the doctrines of laches, waiver, or estoppel.

9. Plaintiffs' damages, if any, were not caused by the conduct alleged in their Complaint.

10. Any harm suffered by plaintiffs was legally and proximately caused by persons or entities other than Rushmore.

11. Plaintiffs have failed to exercise reasonable care to avoid the consequences of any alleged acts or omissions by Rushmore, thus barring or proportionately diminishing any recovery against Rushmore.

12. The Bankruptcy Code Preempts FDCPA and FCCPA.

13. To the extent the FDCPA and the FCCPA permit monetary relief and a cause of action to those persons who have suffered no injury in fact as a result of a defendant's purported FDCPA or FCCPA violation, such as here, they are unconstitutional.

14. Plaintiffs' claims are brought in bad faith and for the purpose of harassment; accordingly Rushmore is entitled to an award of its reasonable attorney's fees and costs pursuant to, among other things, 15 U.S.C. § 1682k(a)(3).

15. At all relevant times, Rushmore acted in good faith and in conformity with the advisory opinions and regulations of the Consumer Financial Protection Bureau ("CFPB").

16. Any conduct by Rushmore alleged to violate the FDCPA and the FCCPA was done in good faith, was objectively reasonable, was unintentional, resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, was a genuine mistake, and was done pursuant to, and in conformity with, Congressional mandates pursuant to applicable CFPB[1] advisory opinions, TILA and RESPA, as well as regulations thereto governing mortgage loan servicers.

17. Communications made in accordance with TILA, RESPA, CFPB regulations and advisory opinions are not and cannot be covered by the FDCPA or the FCCPA.

18. Any alleged communication from Rushmore to Plaintiffs was not related to the

---

[1] The Consumer Financial Protection Act of 2010 (CFPA), Pub. L. 11-203, Title X, 124 Stat. 1955 (codified as amended in scattered sections of 12, 15, and 18 U.S.C.), which was part of the larger Dodd-Frank Wall Street Reform and Consumer Protection Act, established the Consumer Financial Protection Bureau (the "Bureau"). Under this Act, the Bureau was charged with the authority to promulgate rules and regulations to "implement the provisions of Federal consumer financial law." 12 U.S.C. § 5512(a).

collection of debt.  The animating purpose of the subject communications was not to collect a debt.

    WHEREFORE, Rushmore demands judgment against Plaintiffs dismissing the Complaint with prejudice, together with an award of reasonable attorney fees and costs.

                                                        Respectfully submitted,

                                                        /s/     Ileen J. Cantor
                                                     Ileen J. Cantor, Esq.
                                                     Florida Bar No. 977128
                                                     icantor@logs.com
                                                     SHAPIRO, FISHMAN & GACHÉ, LLP
                                                     2424 North Federal Highway, Suite 360
                                                     Boca Raton, FL  33431
                                                     561-998-6700 (phone)
                                                     561-998-6707 (fax)
                                                     *Counsel for Rushmore*

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 21st day of August, 2015 by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

                                                     /s/     Ileen J. Cantor
                                                     ILEEN J. CANTOR

# EXHIBIT A

FORM nttrcnn (Rev 05/13)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Tallahassee Division

In Re: Terry Joseph Schroeder
SSN/ITIN: xxx–xx–
  Debtor

Linda Cheryl Schroeder
SSN/ITIN: xxx–xx–
  Joint Debtor

Bankruptcy Case No.: 11–40407–KKS

Chapter: 13
Judge: Karen K. Specie

## *NOTICE OF TRANSFER OF CLAIM*

    Claim Number  4  was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim in the clerk's office of this court on December 19, 2013.

***Name and Address of Alleged Transferor:***
BAC Home Loans Servicing, LP, 400 National Way, Mail Stop: CA6–919–01–23, Simi Valley, CA 93065

***Name and Address of Transferee:***
Christiana Trust, Rushmore Loan Management Srvc, P O Box 52708, Irvine, CA 92619–2708

**DEADLINE TO OBJECT TO TRANSFER**

    The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty−one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Dated: December 20, 2013

FOR THE COURT
Traci E. Abrams, Clerk of Court
110 East Park Avenue
Suite 100
Tallahassee, FL 32301

Service to:
    All parties in interest

# Notice Recipients

District/Off: 1129–4      User: cbikowitz      Date Created: 12/20/2013
Case: 11–40407–KKS      Form ID: nttrcnn      Total: 10

**Recipients of Notice of Electronic Filing:**
ust      United States Trustee      USTPRegion21.TL.ECF@usdoj.gov
tr      Leigh D. Hart      ldhdock@earthlink.net
aty      Kathryn A. Hathaway      notices@hathawaylaw.net

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      Terry Joseph Schroeder      8058 Goodwin Drive      Tallahassee, FL 32311
jdb      Linda Cheryl Schroeder      8058 Goodwin Drive      Tallahassee, FL 32311
cr      BANK OF AMERICA, N.A.      2380 Performance Drive      Richardson, TX 75082
cr      Christiana Trust      c/o Matt Holtsinger      P.O. Box 800      Tampa, FL 33601
1608139      BAC Home Loans Servicing, LP      400 National Way      Mail Stop: CA6–919–01–23      Simi Valley, CA 93065
1894666      Christiana Trust      Rushmore Loan Management Services      P.O. Box 55004      Irvine, CA 92619–2708
1894689      Christiana Trust      c/o Matt Holtsinger      P.O. Box 800      Tampa, FL 33601

TOTAL: 7